HENSEL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 11, 1896.)

No. 1,903.

1. CUSTOMS DUTIES—REIMPORTATION OF AMERICAN GOODS—CERTIFICATE.
  Upon the reimportation of exported American manufactures, the mere failure to state, in the certificate presented on the entry, that the goods had not been advanced in value or improved in condition since they left this country, as required by the former treasury regulations, did not justify the collector in requiring payment of duties, if the fact that they had not been advanced in value or improved in condition otherwise appeared. The regulation requiring the statement in the certificate was unreasonable, as appears from the fact that it was omitted from the amended regulations, on the ground that it was impossible for foreign customs officials to state such facts from their own knowledge.

**2. SAME—TIME OF FILING CERTIFICATE.**
Failure to file the certificate required on the reimportation of exported American machines, immediately upon the entry of the goods, does not deprive the importer of the right to re-enter them free, if such certificate is filed in a short time.

Appeal by Hensel, Bruckman & Lorbacher, importers, from a decision of the board of general appraisers which sustained the action of the collector in assessing duty upon the merchandise in question.

W. Wickham Smith, for importers.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

COXE, District Judge (orally). The imported articles are machines made in this country, taken to Germany, not accepted there by the consignees, and reimported on August 15, 1893. The collector assessed duty upon them under paragraph 215 of the act of 1890, concededly the correct paragraph if the articles were subject to duty. The importers insist, however, that they were entitled to free entry under paragraph 493 of the same act, and I understand it to be admitted upon the part of the collector that that paragraph correctly describes the importations, that is, there is no dispute that these machines were manufactured in the United States and that they have not been advanced in value or improved in condition since they were exported.

This is another of those cases where the facts are of such character that the court naturally inclines to aid the importers, if possible to do so, because it must be conceded that, upon the merits, there is but one side to the controversy. Beyond question the collector has taken duty from the importers upon articles which were entitled to free entry, and the only excuse of the collector is that he was justified in this course because the importers failed to comply with all the technical requirements of the law. In other words, the collector's contention is based upon the strictest construction of the statute and of the treasury regulations made in pursuance thereof. The certificate presented upon the entry of the goods complied with the requirements of the law, except that it failed to state that the machines in question had not been advanced in value or improved in condition since they left this country. I suppose it will be admitted that if this provision of the treasury department were an unreasonable or an impossible one, that the insistance upon it by the collector was beyond his power. That it was an unreasonable regulation is sufficiently established by the action of the treasury department itself. When its attention was called to the matter the regulation was amended by leaving out this provision, upon the ground that it was an impossibility for the foreign customs official, in a majority of cases, to be able to state of his own knowledge that the imported article had not been improved in value.

But even if the importers are wrong in this contention, it still remains to be considered whether or not the fact that they have supplied the certificate in the precise language of the amended regula-

tion, is not, in the circumstances, a sufficient compliance. I do not understand that any fault is found with the certificate as it now appears, except that it was not filed in time. The regulation, unless very strictly construed, provides no particular time within which the certificate must be furnished. The evident intention of the law is that the collector shall at some time, some reasonable time of course, have evidence that the goods are entitled to free entry. Although there is language in the regulation which might imply that this must be done at the time of entry, still it does not seem to me that it can be said that the importer must lose the benefit of paragraph 493 if he delays furnishing the certificate for a short period of time. The spirit of the law is otherwise. Upon the merits there is no dispute. Even if the above constructions were doubtful, the doubt should be resolved in favor of the importers.

The decision of the board of general appraisers is reversed.